**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE A. MENDEZ, | No. 13-70920 |
| Petitioner, | Agency No. A073-915-421 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 14, 2016
San Francisco, California

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

Jose A. Mendez petitions for review from the Board of Immigration

Appeals' decision to deny his claims for asylum, withholding of removal, and

protection under the Convention Against Torture.  We have jurisdiction pursuant to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

8 U.S.C. § 1252. We grant in part and deny in part the petition for review, and remand for further proceedings.

1. The Board concluded that Mendez was ineligible for asylum because he he did not suffer past persecution, and did not have a well-founded fear of future persecution. 8 C.F.R. § 208.13(b). The Board found "no reason in the record to disturb [the Immigration Judge's] finding" that Mendez "was credible."

Mendez testified his family supported the government of El Salvador during the country's civil war. When Mendez was thirteen, he received "three notes in school accusing him of giving information to the army," and which "threatened him." His pastor, after seeing the notes, "suggested that Mendez move or leave the country." To avoid the guerillas, Mendez started sleeping at a different house each night and taking different routes to school. One night, the guerillas knocked on the door of the house that Mendez was staying in. He escaped out a back window and ran away. As he ran, they shot him. Fortunately, his wound was a nonfatal one to his left arm. Mendez fled El Salvador for the United States to avoid being killed.

Despite concluding that Mendez was credible and had "articulated a social group which is visible within Salvadoran society as affiliation with the army during the civil war period," the Board concluded that Mendez's description of these events were "too vague" to establish that he was "individually targeted." This conclusion is not backed by "substantial evidence," because no reasonable fact-finder could conclude that Mendez was not individually targeted. Ruano v. Ashcroft, 301 F.3d 1155, 1159–61 (9th Cir. 2002) (holding that a similarly situated petitioner was persecuted when he was "repeatedly threatened with death . . . [and] hunted down (albeit unsuccessfully) by men with pistols who were out to harm him.").

A reasonable fact-finder would have to conclude that Mendez was individually targeted, because he was individually threatened, individually chased, and individually shot by his persecutors. Mendez is entitled to the presumption that he has a well-founded fear of persecution on the basis of this past persecution. 8 C.F.R. § 208.13(b)(1). For the same reason, Mendez is also entitled to the presumption that his life or freedom would be threatened if he returned to El Salvador. Id. § 208.16(b)(1)(i).

3

We grant Mendez's petition and remand to the BIA to address in the first instance whether the government has successfully rebutted both the presumption of a well-founded fear of future persecution, and the presumption of eligibility for withholding of removal.

3. We deny Mendez's petition for review of his claim under the Convention Against Torture. Mendez provided evidence that he was persecuted, but provided no evidence that he would "more likely than not" be tortured if returned to his country. Kamalthas v. INS, 251 F.3d 1279, 1283 (9th Cir. 2001).

Costs are awarded to petitioner.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**